IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 AUG -4  AM 10: 28

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

ENRIQUE ZAVALA,

            **Movant,**

-vs-

UNITED STATES OF AMERICA,
            **Respondent.**

Case No.  A-14-CA-454-SS
[No. A-13-CR-164(15)-SS]

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Enrique Zavala's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#974], and the Government's Response [#987]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion.

### Background

On April 2, 2013, Zavala was indicted alongside twenty-six co-defendants and charged with conspiracy to possess with intent to distribute and distribution of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. On September 11, 2013, Zavala pleaded guilty to the charged offense with the benefit of a plea agreement. This Court accepted Zavala's guilty plea on November 26, 2013. On December 19, 2013,

this Court sentenced Zavala to 108 months in prison, followed by a five-year term of supervised release, and ordered Zavala pay a $100 mandatory assessment. Zavala did not appeal.[1]

Zavala executed his § 2255 motion on May 5, 2014. He raises the following grounds for relief: he received ineffective assistance of counsel because counsel (1) failed to advise him of his "Boykin trial rights"; (2) failed to ensure the factual basis was sufficient to sustain a conviction; (3) failed to provide him with an opportunity for allocution; and (4) failed to file a timely notice of appeal.

## Analysis

## I.    Section 2255—Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or

---

[1] Zavala's plea agreement contained a waiver of his direct appeal rights, unless he received a sentence greater than the statutory maximum. *See* Plea Agreement [#468], at 3.

jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

## II.    Application

Zavala's grounds for relief all take issue with the performance of his counsel. The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In evaluating counsel's performance, care must be taken to "eliminate the distorting effects of hindsight." *Id.* at 690. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* If counsel's performance is found to be deficient, it must also have prejudiced the result to afford any relief to the defendant. *Id.* at 691. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## A.    *Boykin* Rights

Zavala contends his attorney failed to advise him of his "Boykin trial rights," and as a result his plea was not knowing or voluntary. In *Boykin v. Alabama*, 395 U.S. 238 (1969), the United States Supreme Court held it was error for a trial judge to accept a guilty plea "without an affirmative

showing that it was intelligent and voluntary." 395 U.S. at 242. The Court highlighted three rights in particular: (1) "the privilege against compulsory self-incrimination," (2) "the right to trial by jury," and (3) "the right to confront one's accusers." *Id.* at 243. Zavala's argument is that he apparently was not advised of these rights by his counsel prior to pleading guilty.

Setting aside whether *counsel* specifically advised Zavala of these rights, the record before the Court shows Zavala was advised in open court of these rights by the Magistrate Judge, and Zavala testified under oath he understood them. At the rearraignment hearing, the Magistrate Judge specifically informed Zavala of each of these rights:

> Now, if you made that plea [of not guilty], you'd be entitled to have a jury trial. At every stage of those proceedings, you're entitled to be represented by an attorney. At trial, you're presumed to be innocent, and the government has to prove your guilt beyond reasonable doubt. The jury's verdict at trial has to be unanimous. You never have to prove your own innocence at trial. At trial, you've got the right to cross-examine any of the government's witnesses. You also have the right at trial to present evidence yourself, including the right to subpoena witnesses and require that they come to court and testify.
>
> Now, while your side of the case at trial could include your testimony, importantly, you have the right at trial not to testify, and the government can't require that you testify. So if you decided to go to trial and then, at trial to remain silent and not testify, then Judge Sparks would instruct the jury that it could not use that fact in any way against you in deciding whether or not you were guilty of that offense.

Plea Tr. [#983], at 11. Having so advised Zavala, the Magistrate Judge asked if Zavala understood those rights and still desired to plead guilty. *Id.* at 12–13. Zavala responded in the affirmative. *Id.*

The record thus establishes Zavala was fully and fairly advised of his constitutional rights before entering his guilty plea, and made the knowing and voluntary decision to waive those rights. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as

are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Even assuming counsel was deficient for failing to advise Zavala of his rights, Zavala cannot show he was prejudiced in light of his sworn testimony in open court indicating he understood his rights and wished to waive them and plead guilty.

**B.    Factual Basis**

Zavala next contends his counsel was ineffective because counsel failed to ensure the factual basis adequately supported the conviction. This argument is essentially a sufficiency of the evidence challenge couched in ineffective assistance terms. Even assuming such an argument survives Zavala's plea agreement waiver, Zavala is not entitled to any relief.

"In order to prove conspiracy to possess and distribute drugs, the Government must prove beyond a reasonable doubt: (1) the existence of an agreement between two or more persons; (2) the defendant's knowledge of the agreement; and (3) the defendant's voluntary participation in the conspiracy." *United States v. Tenorio*, 360 F.3d 491, 494 (5th Cir. 2004). In this case, because the quantity of drugs charged triggers enhanced punishment, the Government also had to prove the quantity met or exceeded the amount charged. *United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003). The factual basis established Zavala traveled with his father to meet Jose Rodriguez, a "cell head" of a drug trafficking organization, and Zavala physically exchanged cash for one kilogram of methamphetamine while being observed by law enforcement officers. Zavala testified under oath the factual basis was correct. Plea Tr. [#983], at 14. Zavala also testified he was pleading guilty solely because he was, in fact, guilty. *Id.* at 13.

The factual basis, confirmed by Zavala's sworn testimony, was sufficient to sustain his conviction. Zavala's conclusory assertion there was no evidence of his intent to join a conspiracy is

"wholly incredible" in light of Zavala's sworn testimony. *Blackledge*, 431 U.S. at 74. Zavala has not shown counsel was deficient in reviewing the factual basis, nor has Zavala shown he was prejudiced in light of his own testimony convicting him of the offense charged.

## C.   Allocution

Zavala contends his counsel provided ineffective assistance by failing to allow Zavala an opportunity to speak on his own behalf at sentencing. Contrary to Zavala's assertions in his motion, the record confirms Zavala did speak at sentencing. Sent. Tr. [#984], at 58–59. Zavala's argument is meritless.

## D.   Notice of Appeal

Finally, Zavala argues his counsel failed to file a timely notice of appeal. The failure of counsel to timely file a notice of appeal requested by the defendant may amount to ineffective assistance of counsel if the defendant can show a "reasonable probability" he would have appealed "but for" counsel's deficient performance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77, 484 (2000). In his motion, Zavala does not claim he actually instructed his counsel to file a notice of appeal; his claim is merely that counsel failed to file a notice of appeal. Zavala provides no factual basis for believing counsel would have thought Zavala might want to breach his plea agreement and appeal following his guilty plea. *See id.* at 480 (counsel's duty to consult with defendant about appeal arises only when counsel has reason to think "either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing"). Zavala does not allege counsel refused to file the notice of appeal. Zavala does not identify a single argument he might have raised on appeal, or otherwise suggest there is any reason to believe he would have appealed but for counsel's alleged failure. Additionally, Zavala's

counsel has provided an uncontroverted affidavit stating she spoke with Zavala about pursuing an appeal and Zavala informed her he did not want to appeal. *See* Gov't's Resp. [#987-4], Ex. D. With or without consideration of counsel's affidavit, the Court finds Zavala's conclusory allegations wholly insufficient to show either deficient performance or prejudice under *Strickland*.

### Conclusion

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Zavala's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

Accordingly,

IT IS ORDERED that Movant Enrique Zavala's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#974] is DENIED;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 4ᵗʰ day of August 2014.

*Sam Sparks*

SAM SPARKS
UNITED STATES DISTRICT JUDGE